## Philadelphia Warehouse Company, Appellant, *v.* Colonial Biscuit Company.

*Practice, C. P.—Affidavit of defense—Construction of affidavit.*

In disposing of a rule for judgment for want of a sufficient affidavit
of defense, the sufficiency of the affidavit is not to be determined by
applying to it the same rules of refined and technical criticism that
were formerly thought necessary to be applied in passing on the validity
of a bill of indictment or a demurrer at common law.   On the con-
trary, such affidavit is to be construed in a spirit of fair liberality;
its language is to be given the same meaning it would be given in the
ordinary speech of the people, and all of the statements of fact therein
appearing, when thus regarded, must be accepted as true.

In an action for goods sold and delivered where the plaintiff's state-
ment of claim avers in explicit terms that the sale was for net cash,
and the affidavit of defense denies just as explicitly that the agreement
was for net cash, but that the defendant was to pay for the goods
as they were delivered from time to time in accordance with needs
of defendant's business, that is to say for a designated amount per
week, the affidavit of defense is sufficient to prevent judgment.

Argued Dec. 12, 1906.   Appeal, No. 35, Oct. T., 1906, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1905, No. 1,183, discharging rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia Warehouse Company v. Colonial Biscuit Company.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

From the record it appeared that the goods sold were barrels of flour.   The statement of claim averred that the terms of sale were net cash.   Appended to plaintiff's statement was the following letter:

"PHILADELPHIA, October 12, 1905.
"Colonial Biscuit Company,
          "12th & Brown Streets,
                    "Philadelphia.
"Gentlemen :—
"Confirming the writer's conversation with your flour buyer this morning, we hand you herewith by messenger four samples of flour representing lots as per memorandum below, which we offer subject to prior sale, at the prices annexed.   The flour is to be sold in warehouse on net cash terms.

"Hoping to be favored with an order, we remain.
                    "Yours very truly,
                         "[Signed]   EDWARDS S. DUNN,
                                   "Treasurer."

| "Venus" | 200 | bbls. | at | 15th & Carpenter Sts. | Price | $3.75 |
|---|---|---|---|---|---|---|
| "F" | 1090 | " | " | 16th & Callowhill " | " | 3.50 |
| "100%" | 365 | " | " | 15th & Carpenter " | " | 3.25 |
| "D" | 450 | " | " | 16th & Callowhill " | " | 3.00 |

Defendants' affidavit of defense contained, inter alia, the following averments:

The defendant company did agree to purchase from the plaintiff 335 barrels of 100% flour at $3.25 in warehouse, but did not agree to pay net cash; on the contrary, the terms of the contract were that defendant company should pay for the same as it was hauled from the warehouse from time to time in accordance with the needs of the defendant's business; that is to

say, about sixty barrels per week, and in pursuance of this contract the defendant company did haul, and pay for as hauled, the following, to wit: On November 14, 1905, thirty barrels ($97.50), and on November 27, 1905, thirty barrels ($97.50); in all $194.

Defendant company denies that it confirmed the alleged terms of sale, and upon October 19, 1905, or shortly thereafter, upon the receipt of the bill for 335 barrels and order for release of flour from the warehouse, your deponent, as treasurer of the company defendant, telephoned to the plaintiff company explaining to the secretary of the company the terms of the contract as herein set forth by your deponent, and thereupon the secretary of the company stated that Edward S. Dunn, the treasurer of the company, was in New York, and that the facts would be communicated to him, and upon his return some time thereafter the said treasurer called at the office of defendant company, and your deponent for the company denied that the company has purchased the said flour on any such terms without any opportunity for inspection, defendants' contract having provided for deliveries from time to time would have enabled your deponent to examine the flour as hauled and delivered, to all of which the said Dunn replied that the company defendant was good for the money and that his company would sue for it.

*Error assigned* was in discharging rule for judgment for want of a sufficient affidavit of defense.

*J. Douglass Brown*, of *Brown, Bikle & Jenks*, for appellant.

*William S. Divine*, for appellee.

OPINION BY HEAD, J., February 25, 1907:

If the contract between the parties for the sale and purchase of 335 barrels of flour only required "that the defendant company should pay for the same as it was hauled from the warehouse from time to time in accordance with the needs of the defendant's business," the learned court below was right in discharging the rule for judgment for want of a sufficient affidavit of defense. Indeed we do not understand this to be disputed,

because the sole claim of the plaintiff for judgment, on the record as it now stands, rests on the contradictory proposition that the terms of sale were " net cash."

This court has frequently said, in substance, that, in disposing of such cases, the sufficiency of the affidavit is not to be determined by applying to it the same rules of refined and technical criticism that were formerly thought necessary to be applied in passing on the validity of a bill of indictment or a demurrer at common law. On the contrary, such affidavit is to be construed in a spirit of fair liberality; its language is to be given the same meaning it would be given in the ordinary speech of the people, and all of the statements of fact therein appearing, when thus regarded, must be accepted as true. In the present case we have, in the very outstart of the affidavit, the clear, plain averment as to what the contract, in fact, was. That averment distinctly challenges the correctness of the plaintiff's basic statement that the terms of payment were " net cash," and, by the rule above stated, should put it to the proof of that proposition, without establishing which, it cannot hope to recover.

But the learned counsel for the appellant, with much skill, argues that defendant could not have meant what has already been quoted from the affidavit, because of certain other acts or declarations set forth in the statement, affidavit or correspondence. This tends to put before us the evidential value of such matters and invites us to resolve the issue of fact raised, when our only function is to determine that it exists.

The contract, whatever it really was, was made over the telephone. The appellant earnestly argues that its letter of October 12, confirming its version of the conversation, and stating plainly that the terms were " net cash," to which there is no reply in writing, leaves no room for doubt that the contract was as it declares. That this letter will be of great value as a piece of corroborative evidence on the trial might be conceded. For our purposes, however, it is met by the flat denial of the defendant that " it at any time confirmed the alleged terms of sale," but that, upon receipt of the bill for the entire 335 barrels, its representative, first over the telephone and then by personal interview, insisted that the terms of contract were " as herein set forth " and denied " that the company (defendant) has pur-

chased said flour on any such terms without any opportunity for inspection, defendant's contract having provided for deliveries from time to time," etc.

We see no reason for lengthening this opinion by adverting to a number of other matters referred to in the affidavit and argument of counsel. It is sufficient to say that upon an attentive consideration of the affidavits filed we are all of the opinion that an issue of fact has been fairly raised which must result in the case being tried to determine that issue. The assignment of error is overruled.

Appeal dismissed at cost of appellant without prejudice, etc.